IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 06 C 6131 |
| *ex rel.* | ) | |
| BERNARD LISITZA, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Judge John Tharp, Jr. |
| | ) | |
| v. | ) | Magistrate Judge Arlander Keys |
| | ) | |
| PAR PHARMACEUTICAL COMPANIES, | ) | |
| INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The United States of America through Relator Bernard Lisitza ("Relator") sued Par Pharmaceutical Companies Inc. ("Par") for violation of the federal False Claims Act, 31 U.S.C. §§3729-32, and analogous state statutes. Currently pending before the Court is Par's motion to compel the State of Michigan's Responses to Interrogatories [#277]. For the reasons set forth below, the motion to compel is granted, in part, and denied, in part.

**Standard of Review**

The district court exercises significant discretion in ruling on a motion to compel. The Court may grant or deny the motion in whole or in part, fashioning a ruling appropriate for the circumstances of the case. Fed. R. Civ. P. 37(a)(4)(B),

1

(c). Under Rule 26(b), a party may discover "any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents." It further specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "A party objecting to the production of relevant information on the ground that it is unduly burdensome has the burden to prove the extent of that burden." *Burkybile v. Mitsubishi Motors Corp.,* 2006 WL 2325506 at *6 (N.D.Ill. Aug. 2, 2006). However, the Seventh Circuit has warned that "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Associates,* 91 F.3d 963, 971–972 (7th Cir.1996).

## **Analysis**

Defendant requests that the Court order Plaintiff, State of Michigan, to provide full and complete responses to certain of Par's First Interrogatories that it believes to be inadequately answered. As the facts of this case are set forth in the Court's January 21, 2014 Memorandum Opinion and Order [#275], the Court will not rehash them here, and will instead commence with the analysis of each of the requested responses.

I. Interrogatory No. 5

Through this Interrogatory, Par requests that Michigan identify by National Drug Code ("NDC") and dosage the drugs that it contends were prescribed and it would have reimbursed but for Par's alleged conduct. Additionally, Par requests the volume of the reimbursements, the time period over which the reimbursements would have taken place, and what amount Michigan would have paid for the drugs allegedly prescribed.

Michigan contends that Par is mischaracterizing its allegations and seemingly attempting to have Michigan establish a defense to a position it has not taken. Michigan maintains that it does not assert that any alternative drug should have been dispensed, but rather that Par promoted a scheme by which Par's versions of the subject drugs were used. Moreover, Michigan avers that Par, having industry expertise, is in the best position to know which drugs were competitors to those at issue. Lastly, Michigan argues that it has already provided Par with access to all of its cost and dosage form information as it relates to the NDCs provided by Par to Michigan.

The Court finds that Michigan has provided Par with the pricing information on hundreds of NDCs, and that the switching Michigan alleges involves form and strength, not an alternative drug altogether. Par's demand for further production and

3

response to this interrogatory is overreaching. Accordingly, the Court denies Par's motion to compel Interrogatory No. 5.

II. Interrogatory No. 10

Through Interrogatory 10, Par requests Michigan to describe any substantive communication between Michigan and any Provider regarding any of the drugs at issue, as well as any documents reflecting said communications. Michigan contends that it has provided Par with all the documents responsive to its request, over 18,000 pages of documents to be exact. Par now argues that such a general reference to 18,000 pages of documentation is an inadequate response, and cites to *Derson Group, Ltd. v. Right Mgmt. Consultants, Inc.*, 119 F.R.D. 396, 396 (N.D. Ill. 1988), which held that one cannot avoid answering interrogatories "simply by general reference to 33,000 documents previously produced."

Indeed, Rule 33(d) specifies that the responding party is to answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could…" *Fed.R.Civ.P. 33(d)*. Michigan has given Par no indication as to where to find the requested information among the over 18,000 documents it has already produced, nor has it acknowledged or described any communication with a Provider regarding any of the

4

drugs at issue.  The Court finds Par's request of a verified interrogatory specifically acknowledging that only one communication exists or otherwise pointing out the other communications, reasonable.  Accordingly, Par's motion to compel Interrogatory No. 10 is granted.

III. Interrogatory No. 12

Through this interrogatory, Par requests Michigan to "[i]dentify all state and federal laws and regulations, or any other legal authority, that [Michigan] contend[s] require Providers to dispense the least expensive version of any drug's various dosage forms."  Michigan responded by stating that the legal basis for its complaint is set forth in the Complaint, and that Par's question aims to distort and reduce its allegations to a simplistic, inaccurate statement.

The Court agrees that Par's interrogatory seemingly aims to elicit from Michigan its own manufactured spin of Michigan's pleadings.  In fact, Par suggests that the "crux of Michigan's complaint is that Par allegedly caused providers to dispense drugs that were more expensive..." and, thus, "Michigan necessarily is claiming that a provider *must* dispense the *lowest cost* dosage form…"  (Par's Mot. at p. 5).  An interrogatory is not to be utilized for conjecture on the pleadings, and it will not be supported by the Court.  Michigan has sufficiently met

5

the pleading requirements and cited to legal authority in support of its allegations, ensuring that Par is apprised of the legal bases upon which Michigan's allegations rest. Any further response is unwarranted. Accordingly, the Court denies Par's motion to compel Interrogatory No. 12.

## Conclusion

For the reasons set forth above, Par's motion to compel [#277] is granted in part and denied in part.

DATE: March 12, 2014                ENTERED:

_____
ARLANDER KEYS
United States Magistrate Judge