IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| *Ex rel.* BERNARD LISITZA, *et al.* ) | |
| ) | Case No: 06 C 6131 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Honorable John Tharp, Jr. |
| ) | |
| ) | Magistrate Judge Susan E. Cox |
| PAR PHARMACEUTICAL COMPANIES, ) | |
| INC., ALPHAPHARM PTY LTD., and ) | |
| GENPHARM ULC. ) | |
| ) | |
| Defendants. ) | |

## ORDER

The United States of America through the relator Bernard Lisitza has moved to strike objections from defendant Par Pharmaceutical Companies Inc. ("Par") to certain requests to admit and to compel proper responses. We hereby grant in part, and deny in part, plaintiffs' motion [291]. Par is to provide amended properly framed answers on or before July 14, 2014.

## STATEMENT

The United States of America through the relator Bernard Lisitza has sued Par Pharmaceutical Companies Inc. ("Par") for violation of the federal False Claims Act, 31 U.S.C. §§3729-32, and parallel state statutes. The allegations assert that Par engaged in an unlawful scheme to induce Medicaid provider pharmacies to switch the dosage form of certain medications to increase state Medicaid reimbursement. Specifically, the complaint alleges that Par manufactured and marketed three drugs – ranitidine, fluoxetine, and buspirone – in dosage forms that would allow Par to exploit provisions of the federal regulations.

At issue here are six requests to admit issued by plaintiffs. Plaintiffs argue that Par's objections should be overruled because there was nothing "vague" or "ambiguous" about the requests and assert that Par improperly qualified its answers.

The purpose of requests for admission under Rule 36 "'is not necessarily to obtain information, but to narrow the issues for trial'" that are genuinely contested.[1] A request for admission, except in rare circumstances, should be drafted in a way that it can be answered "yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege."[2] In other words, requests for admission should be

---

[1] *See United Coal Co. v. Powell Construction Co.,* 839 F.2d 958, 968 (1988).
[2] *Id.*

simple facts that can be admitted or denied without explanation or qualification.[3]

We first deal with requests 1, 3 and 5, which are identical except for the drug listed in the request:

> Admit that at some point during the period from April 1999 to December 31, 2006, Par tried to persuade certain of its pharmacy customers, such as Walgreens, to fill prescriptions for [Zantac and rantidine tablets][4] with Par's ranitidine capsules and explained to those customers that Par's ranitidine capsules were not subject to the Federal Upper Limit and/or Maximum Allowable Cost for ranitidine tablets and were thus eligible for higher government reimbursement.

Par claimed the following phrases were vague and ambiguous: (1) "tried to persuade"; (2) "certain of its pharmacy customers"; (3) "explained to those customers." Par then limited its answer to Walgreens – because it did not know how to answer without picking a particular customer – and stated the following (we have italicized the portions of Par's response that we will address below):

> Par admits that, at some point during the period from [April 1999 to December 31, 2006], it marketed and sold [the Subject Drugs] to Walgreens. Par further admits that by marketing its [Subject Drugs] to Walgreens, it *sought to persuade* Walgreens to purchase and dispense Par's products in accordance with applicable laws. After reasonable investigation and inquiry into this request, Par lacks knowledge or information sufficient to enable it to admit or deny that it *expressly* "explained" to Walgreens that Par's [Subject Drugs] were not *at that point* subject to Federal Upper Limit and/or Maximum Allowable Cost then applicable to [the alternate dosage strength and/or form of the Subject Drugs]. Par denies the remaining contentions in this request. Par expressly denies that it encouraged Walgreens to engage in any unlawful conduct.

With respect to the language "tried to persuade," Par argues that it cannot answer what Par *intended* to do, only what it *did*. Yet, Par admitted that it "sought to persuade" Walgreens, rather than "tried to persuade." We see no difference. Whether Par tried or sought to persuade, the outcome is the same. Though we agree with plaintiffs that changing the language was improper, and overrule Par's objection, requiring it to amend its response on this point would not effectively change the answer.

With respect to Par's addition of the word "expressly" when it answered that it lacked knowledge to answer whether it explained to Walgreens that Par's drugs were not subject to certain federal regulations, we again see no difference. Plaintiffs argue that Par's rewriting of the

---

[3] *Sommerfield v. City of Chicago,* 251 F.R.D. 353, 355 (N.D. Ill. July 21, 2008).
[4] Requests 3 and 5 were asking about the switch from Prozac and fluoxetine capsules and Buspar and buspirone tablets respectively.

request renders the answer meaningless. But whether Par eliminates the word "expressly" from its answer, we do not see how the answer changes. Of course if Par failed to make a reasonable inquiry into whether it explained to Walgreens "that Par's [Subject Drugs] were not at that point subject to Federal Upper Limit and/or Maximum Allowable Cost," that would be a problem. But the rule only requires that a party state that a reasonable inquiry was made – and if that is done – the party may assert its "lack of knowledge…as a reason for failing to admit or deny."[5] We again overrule Par's objection that "explained to customers" is vague or ambiguous. But whether the term "expressly" is included, albeit unnecessary, we see no distinction.

However, Par's inclusion of the phrase "at that point" was improper and requires an amended answer. As plaintiffs explain, their request was not limited temporally to any particular point it time, therefore, there is no reason for Par to answer in that manner. Par should amend its answer to reflect the specific request posed, not some theoretical point in time.

Finally, with respect to Par's decision to answer with respect to Walgreens only, rather than answering the question posed (which was whether it tried to "persuade certain of its pharmacy customers…"), we find that was improper. If Par can reasonably inquire with respect to Walgreens, it can certainly inquire regarding its other pharmacy customers. There should be no need for plaintiffs to name each and every pharmacy customer in order to get a proper response.

      Second, we deal with requests to admit 2, 4 and 6. These requests are also identical and refer back to either request 1, 3 or 5:

> Admit that Par never solicited or received approval from any Government entity to pursue the marketing strategy described in Relator's Request to Admit [No. 1].

In response, Par incorporated its objections from requests 1, 3 and 5, and then further objects,

> on the grounds that it is vague, ambiguous, and does not identify with specificity the marketing strategy to which it refers. On that basis, Par denies this Request.

> Although no further response is required under the Rules, Par further notes that an Abbreviated New Drug Application (ANDA) was submitted for its [Subject drugs] to the Federal Food and Drug Administration (FDA) and the FDA approved the ANDA permitting Par to market its drugs in the United States for uses identified on the label.

Plaintiffs simply argue that the marketing strategy was clearly outlined in requests 1, 3, and 5. We agree. Par's half-hearted attempt to explain its confusion is rejected. A proper request to admit must be "simple, direct, and concise," so it can be "admitted or denied with little or no explanation or qualification."[6] We find that these requests do not warrant explanation or

---

[5] Fed.R.Civ. P. 36(a)(4).
[6] *Sommerfield,* 251 F.R.D. at 35.

qualification, and there is no reason Par cannot "flat-out" admit or deny the request.[7] New and properly framed answers are to be provided to requests 2, 4 and 6.


Date:   June 30, 2014                                         /s/ Susan E. Cox_____

---

[7] *See Flohr v. Comdisco, Inc.,* 2002 WL 598522, *1 (N.D. Ill. April 18, 2002)(finding that the plaintiff had no reason to avoid "flat-out" admitting a request).